### SOCIETE LIGURE DI ARAMENTO v. ELTING, Collector of Customs.
### No. 140.

Circuit Court of Appeals, Second Circuit.
Dec. 10, 1934.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Fines were imposed by the Secretary of Labor for violations of section 20 of the Immigration Act of 1924 (8 U. S. C. § 167 [8 USCA § 167]) because the appellant brought on the steamship Euro, arriving at the port of New York on October 18, 1926, alien seamen who escaped. An immigration inspector boarded the vessel on arrival and examined the crew. Four failed to satisfy him that they did not intend to abandon their calling as seamen, and he served on the master an order directing the detention on board of these four seamen. After the inspection, the master employed a watchman to keep these men on board. ·They escaped October 22, 1926. A notice was then addressed to the agent of the vessel informing it that a hearing would be granted for the purpose of determining whether fines should be imposed. Attorneys appeared for the appellant, a for-

eign corporation, as the owner of the vessel, and filed a protest "on behalf of the master and the owner and all others concerned," objecting to the imposition of fines. The fines were imposed and paid in order to obtain clearance of the vessel.

A violation of the same statute (section 20 of the 1924 Immigration Act, 8 U. S. C. § 167 [8 USCA § 167]) is involved here as in the case of British Empire Steam Navigation Company, Ltd., v. Elting, 74 F.(2d) 204, decided this day. That case differs from the instant case in that there is no complaint as to the notice of detention but rather that there is no evidence that the order of detention was served on the master. The master was served, or at least he was advised in due season, of the order of detention. After the order was served on October 19th, the vessel's agent wrote, "The master is having a considerable time keeping those four men on the ship," and the attorneys who appeared for the appellant said that they had interviewed the master as well as the watchman who was employed from the shore to aid the master in detaining the men. They wrote, November 8, 1926, a letter to the Commissioner General of Immigration, admitting that the master assumed responsibility, exhibiting care and caution in trying to prevent the escape of the men. The master thus had notice. He was required to detain the seamen. This notice served upon him was notice to the owner, for when so received by him he was the owner's agent. Full opportunity was accorded to the owner and the agent for the steamship to protest; its attorneys did so. They wrote in the protest: "The imposition of a fine under the circumstances would mean penalizing the owners on the most technical grounds and that the strict enforcement of the statute in this case would be most inequitable." They asked that both the master and the owners be relieved from the proposed penalty. The fine was imposed upon the owner. This appellant, the owner, a corporation, could be served only through an agent, and the best possible notice was by service of the notice of detention upon one who was in charge of the vessel. By failing to comply with the provisions of section 20 (8 USCA § 167), to detain the seamen, the appellant became liable for the penalties imposed.

Judgment affirmed.