## COMPAGNIE GENERALE TRANSAT-LANTIQUE v. ELTING, Collector of Customs.

## HAMBURG–AMERICAN LINE v. SAME.

### Nos. 52, 97.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1934.

Roger O'Donnell, of Washington, D. C., and John M. Lyons, of New York City, for appellants.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

These cases involve similar questions and will be considered in one opinion. In Compagnie Generale Transatlantique, the steamship Ile de France arrived at the port of New York February 6, 1930, having on board alien seamen. The immigration inspector boarded the vessel, examined the crew, and directed the detention of 102 members because they did not establish to his satisfaction that they were bona fide seamen. An order of detention was served upon the fourth officer of the vessel and also a person designated as commander. Thereafter two of the seamen ordered detained escaped.

In the Hamburg-American Line Case, the steamship Milwaukee arrived at the port of New York April 15, 1930, with one alien seaman who did not establish to the satisfaction of the immigration inspector, who boarded the vessel upon arrival, that he had no intention of abandoning his calling. A notice of detention was served on the first officer of the vessel directing the detention of this seaman. Later he escaped.

Notice of hearing in the first case was given to the appellant, the owner of the vessel, designated as the "French Line, Agent of the Vessel 'Ile de France.' " Appellant, by counsel, appeared before the Department of Labor and protested against the fine. In the Hamburg-American Line Case, the notice was served upon this appellant, owner of the vessel, designated in the notice as the "Hamburg-American Line, Agents for the Vessel 'Milwaukee.' " It appeared before the Department of Labor, and its attorney protested against the imposition of the fine, alleging that the order of detention served on the first officer was invalid, asserting that there could be no constructive notice of the order to detain and that the first officer of the ship was not the agent of the owners. After the imposition of the fines, they were paid to obtain clearance of the vessels.

The officer served on each vessel was in charge of that vessel at the time of the service of the order of detention. In the Hamburg-American Line Case, it was the inspector's duty to serve the order on the officer who had the responsibility and control of the crew for the detention of any one of them on board. Ordinarily this is the master. When the master is not in charge of the vessel presumably it is the first officer who takes the master's place. United States v. Chemical Foundation, 272 U. S. 1, 47 S. Ct. 1, 71 L. Ed. 131. In the Hamburg-American Line Case, in any event, the master's report shows that he had notice of the order long before the alien escaped, and that he acted upon it. He was required to obey the order of detention and failed to do so.

In the Compagnie Generale Transatlantique Case, the notice was sufficient as served. The owner was charged with the master's or commander's delinquency. It had notice that the fine would be collected from it and was represented by the attorney who

unsuccessfully protested. For the reasons stated in the British Empire Steam Navigation Co. Case (C. C. A.) 74 F.(2d) 204, and the Societe Ligure Di Aramento Case (C. C. A.) 74 F.(2d) 207, decided this day, there were no errors below.

Judgments affirmed.